CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 24 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 3:97-cr-70099-1 |
| | ) | |
| v. | ) | 2255 MEMORANDUM OPINION |
| | ) | |
| ORION ROSS HARDEN, | ) | By: Hon. James C. Turk |
| Petitioner. | ) | Senior United States District Judge |

Orion Ross Harden, a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner alleges that he is "actually innocent" of possessing, using, or carrying a semi-automatic assault weapon because he carried a semi-automatic pistol; the government constructively amended his indictment; and counsel provided constitutionally ineffective assistance. (Mot. to vacate (docket #55) 4, 5, 7.) The United States filed a motion to dismiss, and petitioner responded, making the matter ripe for the court's disposition. After reviewing the record, the court grants the United States' motion to dismiss and dismisses petitioner's motion to vacate, set aside, or correct sentence as untimely.

I.

A grand jury in the Western District of Virginia indicted petitioner on September 17, 1997, for the following crimes: conspiring to possess with intent to distribute or to distribute cocaine base (Count One); knowingly using and carrying a firearm or aiding and abetting in the use and carrying of a firearm in relation to a drug trafficking crime (Count Two); knowingly possessing as a convicted felon a firearm that moved in interstate or foreign commerce (Count Three); making a false statement or representation to purchase a firearm (Count Four); knowingly using and carrying a Glock pistol or aiding and abetting in the use and carrying of a Glock pistol in relation to a drug trafficking crime (Count Five); knowingly possessing as a convicted felon a Glock pistol that moved in interstate or foreign commerce (Count Six); and knowingly

possessing as an unlawful drug user a Glock pistol that moved in interstate or foreign commerce (Count Eight).[1] (Indictment (docket #1).) On April 23, 1998, petitioner pled guilty to Count One, conspiracy to possess with intent to distribute or to distribute crack cocaine,[2] and Count Five, using or carrying a Glock pistol during and in relation to a drug trafficking offense.[3] In exchange for guilty pleas for these two counts, the court dismissed his remaining counts. (Guilty Plea Tran. (docket #70) 35:15-19.)

On July 23, 1998, the court sentenced petitioner to the mandatory minimum sentence of 120 months for Count Five because petitioner agreed to use the AK-47 assault weapon as the basis for sentencing.[4] The court also imposed a consecutive 121 month sentence for Count One. The court entered petitioner's judgment on August 7, 1998.

On April 8, 2008, the court reduced petitioner's conspiracy conviction by one month, from 121 to 120 months, pursuant to 18 U.S.C. § 3582(c). (Docket #54.) The order also stated, "Except as provided above [reducing the sentence by a month], all provisions of the judgment dated [August 7, 1998] shall remain in effect." (Id.) Petitioner did not appeal any of the court's orders. On August 18, 2008, petitioner filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.

---

[1] The seventh count of the indictment involved a different defendant.

[2] See 21 U.S.C. § 846.

[3] See 18 U.S.C. § 924(c).

[4] On September 13, 1994, Congress amended 18 U.S.C. § 924(c)(1) with the enactment of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322. This Act enhanced the penalty for the use of a semiautomatic assault weapon, such as the AK-47 rifle. Hernandez Vega v. United States, No. 02-1699, 2004 U.S. Dist. LEXIS 27828 at *18 (D. P.R. Nov. 9, 2004). Before expiring in 2004, 18 U.S.C. § 921(a)(30)(A) defined a "semiautomatic assault weapon" to include authentic, copies, or duplicates of any "Poly Technologies Avtomat Kalashnikovs" ["AK"] models. However, the assault weapon provision is a sentencing enhancement, not an element of the § 924(c)(1) offense. United States v. Shea, 150 F.3d 44, 51 (1d Cir. 1998).

## II.

### A.

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their sentences, pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

### B.

A one-year statute of limitations period governs § 2255 actions, and this period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2255(f). If a defendant does not timely appeal the trial court's final judgment, as in this case, the conviction becomes final ten business days after entry of the final judgment when petitioner's opportunity to appeal expires. See Fed. R. App. P. 4(b); Clay v. United States, 537 U.S. 522, 528 (2003). Therefore, petitioner's conviction became final on August 21, 1998, ten business days after entry of final judgment. Thus, for purposes of § 2255(f)(1), petitioner had until August 21, 1999, to timely file his § 2255 motion. However, petitioner did not file his § 2255 motion until August 2008, nearly ten years after his conviction became final. Petitioner did file his § 2255 motion within one year of the court's order granting the § 3582(c) motion. However, a modification of a sentence under § 3582(c) does not affect the finality of the criminal judgment. 18 U.S.C. § 3582(b). See United States v. Sanders, 247 F.3d 139 (4th Cir. 2001). Therefore, petitioner filed his § 2255 motion long past the one-year statute of limitations.

Petitioner argues that his motion is not time barred because he is "actually innocent" of Count Five, using and carrying a Glock pistol in relation to drug trafficking. To establish "actual innocence" to permit collateral review of a procedurally defaulted claim, petitioner is required to demonstrate that, in light of all of the evidence, it was more likely than not that no reasonable juror would have convicted him in light of new evidence. Schlup v. Delo, 513 U.S. 298, 326-27 (1995). See Bousley v. United States, 523 U.S. 614, 623 (1998) (discussing a petitioner's burden of proof under Schlup for actual innocence after pleading guilty). The actual innocence "gateway claim requires 'new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. . . .'" House v. Bell, 547 U.S. 518, 538 (2006) (quoting Schlup, 513 U.S. at 324). The court considers all the evidence without regard to admissibility and "must make a probabilistic determination about what reasonable, properly instructed jurors would do." House, 547 U.S. at 538 (internal

4

quotation marks omitted). See Bousley, 523 U.S. at 623 n.3 (addressing dissent's concern that the lack of trial transcripts for guilty pleas would be problematic by reasoning that courts can rely on recorded proffers to substantiate a guilty plea's factual basis). This standard does not require absolute certainty about a petitioner's guilt or innocence, House, 547 U.S. at 538, and "actual innocence" means factual innocence, not mere legal insufficiency, Bousley, 523 U.S. at 623. Furthermore, petitioner must show actual innocence of the charge to which the petitioner pleaded guilty and actual innocence of any other charge dropped by the government as part of a plea bargain. Bousley, 523 U.S. at 624.

Petitioner does not establish any evidence that a jury would not have convicted him of any crime for which he was indicted. The court conducted a plea colloquy and found that petitioner voluntarily and knowingly entered his guilty plea to Counts One and Five. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.") The court asked petitioner what he did that made him guilty of these counts, and petitioner responded, "I sold cocaine base, carried firearms." (Guilty Plea Tran. 24:22-23.) Petitioner further affirmed that he knew it was cocaine base and that he used or carried a firearm in connection with the drug transaction. (Id. 24:24-25, 25:1-6.) Petitioner also stated that he understood the nature and penalty for Count Five as being a ten-year consecutive sentence because "it involve[d] an assault weapon." (Id. 4:19-25, 5:1-3.)

Petitioner did not object to the United States proffering the evidence against him, and the evidence established that an informant frequently bought user-type quantities of cocaine base from petitioner. (Id. 29:11-17.) Petitioner offered to buy a firearm from the informant in

5

exchange for cocaine base. (Id. 29:17-24.) The informant subsequently purchased a Glock pistol and traded it with petitioner for cocaine base. (Id. 29:17-24, 32:22-25, 33:1-5.) Government witnesses also could establish that petitioner trafficked cocaine base and firearms between Virginia and New York and sold cocaine base to numerous individuals who saw him carry a firearm in furtherance of his drug activities. (Guilty Plea Tran. 30-32.) The government also proffered that petitioner had access to a Glock pistol and an AK-47 semi-automatic assault weapon, as evidenced by a videotape showing petitioner with the assault weapon. (Id. 33:1-5.) The government found the videotape after executing a search warrant that also recovered the Glock pistol. (Id. 33:19-25.)

Petitioner entered his guilty plea to Counts One and Five pursuant to a written plea agreement with the government. In this signed agreement, petitioner "agree[d] and stipulate[d] that said firearm [for Count Five] is a semiautomatic assault weapon within the meaning of Title 18, United States Code, Section 924(c)(1), which triggers a ten year mandatory sentence." (Plea Agreement (docket #26) 3.)

Upon reviewing the record, the court finds that petitioner fails to establish that it is more likely than not that no reasonable juror would have convicted him of all the counts charged in the indictment. The record clearly contradicts any claim of factual innocence. Although petitioner specifically argues actual innocence of Count Five, the evidence establishes that petitioner, in relation to a drug trafficking crime, knowingly used or carried a Glock pistol or aided and abetted in the use and carrying of a Glock pistol. Therefore, no factual basis exists for petitioner to establish he was factually innocent of Count Five. The evidence also establishes that petitioner carried an assault weapon and benefitted from the plea agreement wherein petitioner agreed to be sentenced for Count Five under the assault weapons provision in exchange for dismissal of other

6

counts. Therefore, the court finds that petitioner does not establish actual innocence to excuse his untimely motion. Accordingly, the court dismisses petitioner's § 2255 motion as barred by the statute of limitations.

III.

For the foregoing reasons, the court grants the United States' motion to dismiss and dismisses Petitioner's motion to vacate, set aside, or correct sentence as untimely.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and counsel of record for the United States.

**ENTER**: This 24th day of July, 2009.

/s/ James C. Turk
Senior United States District Judge