CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 29 2009

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:97-cr-70099-1 |
| | ) | |
| v. | ) | 2255 MEMORANDUM OPINION |
| | ) | |
| ORION ROSS HARDEN, | ) | By:   Hon. James C. Turk |
|     Petitioner. | ) | Senior United States District Judge |

This matter is before the court upon petitioner's "motion to dismiss for lack of subject matter jurisdiction pursuant to Title 18 U.S.C. § 3742." Upon review of the motion, the court concludes that it is appropriately filed and dismissed as a successive § 2255 motion.

Petitioner was convicted in August 1998 of drug and gun charges. The court sentenced him to 241 months imprisonment. In his instant motion, petitioner challenges his incarceration, arguing that the court lacks subject matter jurisdiction over his criminal case under Fed. R. Civ. P. 12(h)(3). He alleges that the court did not have jurisdiction because he was convicted of using a Glock pistol with his drug transactions but sentenced as if he had used an assault weapon. Petitioner seeks immediate release from custody.

When a prisoner files a motion in a closed case seeking relief from the court's decision denying relief under § 2255, the motion must often be filed and dismissed as a successive § 2255. Gonzales v. Crosby, 545 U.S. 524, 531 (2005) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)). If the motion raises claims allegedly omitted from the initial § 2255 motion, presents new evidence in support of a claim already denied, or argues for relief under subsequent changes in the substantive law, that motion is not properly considered as a independent motion and should be filed as a separate § 2255 motion instead. Id. To allow prisoners to bring new habeas claims in subsequent motions would circumvent the requirement under § 2255(h) that any subsequent

habeas claims first be certified by the appropriate court of appeals. Id. at 531-32.

Clearly, the claims petitioner raises in his current motion fall squarely within the class of claims that must be construed as new § 2255 claims under Gonzales. The court dismissed petitioner's first § 2255 motion in July 2009. To pursue additional claims under § 2255, he must first obtain certification from the Fourth Circuit to file a successive § 2255 motion. As he does not present any such certification with his current petition, it must be dismissed as a successive § 2255 motion, and the court can not reach the merits of his claims at this time.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and to counsel of record for the United States.

ENTER: This 29th day of September, 2009.

/s/ James C. Turk
Senior United States District Judge